## Schoenhut's Appeal.

M. hired certain premises and entered into and occupied them under the terms of the lease. The lease was signed with fictitious name of E. as lessee. In an action of ejectment to recover possession of the premises, —Held, 1. That M. was estopped from denying that he signed the lease. 2. That plaintiff was entitled to recover, although the proceedings were instituted against the fictitious person, E.

(Decided March 1, 1886.)

Appeal from a decree of the Common Pleas, No. 4, of Philadelphia County refusing to open a judgment. Affirmed.

In September, 1880, one James McGeogh, a real-estate agent in the city of Philadelphia, had the premises at the southeast corner of Germantown avenue and Huntingdon street in said city for rent. The property was then idle, and had been idle for a long time prior thereto. The appellant, Michael Schoenhut, agreed with Mr. McGeogh to rent the premises at $25 per month, and, after one or two interviews about the place with Mr.

NOTE.—A lessee is estopped by taking possession of the property from asserting that the lessor had no power to execute the lease, or that it was improperly executed. Robison v. Inman, 35 Phila. Leg. Int. 263. The same is true of the execution creditor of the lessee. Northampton County's Appeal, 30 Pa. 305. Likewise the lessee could not defend to an action for rent on the ground that he executed the lease when a minor, where he has continued in possession after attaining his majority. Harris v. Knowles, 26 W. N. C. 249.

McGeogh or his assistant, he paid the first month's rent, $25, was handed the keys, and moved into the possession and occupancy of the place, where he has ever since been, paying his rent and receiving receipts therefor until October, 1884, when the differences arose that culminated in this litigation.

On or about June 13, 1884, the appellant received a notice dated June 13, 1884, signed Anna Nolan and John C. Nolan, executors of estate of Patrick Nolan, deceased, per J. McGeogh, directed to Edward M. Schoenhut and requiring him to surrender possession at the end of his term, September 23, 1884. He did not so surrender, and on November 19, 1884, an amicable action in ejectment under the alleged lease under which Schoenhut held was entered in the court below, an affidavit, agreement, copy of alleged lease, etc., being filed in said court.

Upon the proceedings in the court below, a writ of habere facias possessionem and fi. fa. for costs issued, and the sheriff undertook to execute the same, upon which the appellant filed an affidavit and procured from the court a rule to show cause why the writs of habere facias possessionem and fieri facias should not be set aside, judgment opened and defendant let into a defense, on the ground that he had not had notice of the proceedings, all proceedings to stay in the meanwhile.

The depositions on behalf of the appellant, the defendant below, showed that the appellant had never signed the lease, of which the copy filed purported to be a copy; and, in point of fact, that he had never signed any written lease for the premises.

The appellant offered in evidence, in support of his rule, Rule 11 of the rules of the court of common pleas, No. 4, which reads as follows:

"Attorneys holding commissions as notaries public, or who are otherwise authorized to administer oaths, shall not take or attest the affidavit of any party represented by them, and all affidavits taken in violation of this rule shall be treated as null."

The depositions showed that James E. Gorman, Esq., was attorney for plaintiff, and, as such, prepared, had executed and filed in court all papers in this case, although, at his request, Graham Calvert signed the agreement for the amicable action and the præcipe for writs, and appeared nominally as attorney for the plaintiff, without actually being attorney for any of the parties in the case. The oath taken to the affidavit filed, without which affidavit the proceedings could not have been begun

or sustained, was administered by the attorney for the plaintiff, James E. Graham.

The court below discharged the rule taken by the defendant below to set aside the writs of habere facias possessionem and fieri facias, and open judgment. From which action, order, or decree this appeal was taken.

*William Hopple, Jr.,* for appellant.

*E. Cooper Shapley* for appellee.

OPINION BY MR. JUSTICE PAXSON:

The appellant alleges that the court below erred in not setting aside the writs of fieri facias and habere facias possessionem, and in not opening the judgment and letting him into a defense.

The judgment was entered in pursuance of an amicable action and confession of judgment under a power contained in the lease between the parties. The appellant, who was the defendant below, then came into court and, upon his affidavit filed, obtained a rule to show cause why the aforesaid writ of execution should not be set aside, the judgment opened, and the defendant admitted to a defense. This rule, after a hearing, was discharged by the court below.

The appellant swears that he did not sign the lease. His name is Michael Schoenhut; the signature to the lease is that of Edward M. Schoenhut.

But it is clear upon the appellant's own showing that he, appellant, was the tenant who rented and occupied the premises, and that he did so substantially under the terms set forth in the lease. Who Edward M. Schoenhut is does not clearly appear, and how the mistake occurred in the name was not shown; while the appellant has sworn that he did not sign the lease, there are many circumstances which tend to throw discredit upon his statement, and to corroborate the case of the appellee.

In view of the appellant's admitted occupancy of the premises under the very terms of the lease; of the character of his statement itself; of the further fact, as shown upon his cross-examination, that he had served a term of three years' imprisonment for an offense which appears to have been a part of the *crimen falsi,* it is possible the court below did not attach much credit to his story, and we cannot say it was error not to do so.

The order of the court below, discharging the rule to show cause, is affirmed, and the appeal dismissed, at the cost of the appellant.